IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRANDON LONG,

    Petitioner,

v.                             Civil Action No. 3:11CV602

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Brandon Long, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). Long contends that the Federal Bureau of Prisons ("BOP") miscalculated the length of his sentence. Respondent has filed both a Motion to Dismiss (Docket No. 6) and a Motion for Summary Judgment (Docket No. 7). Long has not replied. The matter is ripe for disposition.

Respondent asks the Court to decide this matter using information submitted outside the pleadings. According to the Federal Rules of Civil Procedure, if a party has moved for dismissal under Rule 12(b)(6) and if matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment. Carter v. Stanton, 405 U.S. 669, 671 (1972) (per curiam). Because Respondent's Motion for Summary Judgment (Docket No. 7) is already before the Court, Respondent's Motion to Dismiss (Docket No. 6) will be denied.

## I.   SUMMARY OF RELEVANT ALLEGATIONS

Long's claim, in its entirety, reads as follows:

> On or about the below stated dates, I was in "Federal Custody" and therefore should be entitled to receive (JTC) Jail Time Credit for said days:   From 09/08/2008 through 09/09/2008 I was at (D.O.C.) in Baltimore, MD; From 09/09/2008 through 09/11/2008 I was at (M.C.A.C.) in Baltimore, MD; From 09/11/2008 through 12/04/2008 I was at Wicomico County Detention Center in Baltimore, MD; From 12/08/2008 through 12/18/2008 I remained at (M.C.A.C.) in Baltimore, MD. I have not been awarded credit for said dates.

(§ 2241 Pet. 8 (spacing and spelling corrected).)   Long requests that the Court order the BOP to "credit [Long] for time served on said dates."   (Id.)

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on

2

file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

Respondent asks the Court to dismiss the § 2241 Petition because Long failed to exhaust his administrative remedies. Because the exhaustion of administrative remedies is an affirmative defense, Respondent bears the burden of pleading and proving lack of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007). In support of his contention, Respondent submits the affidavit of Lynnell Cox, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (Mem. Supp. Mot. Summ. J. Ex. 2 ("Cox Aff.").) Attached to the Cox Affidavit are copies of Long's various Administrative Remedy

Requests and the BOP's responses thereto. Respondent's exhaustion argument relies on the BOP's "specific procedures for an inmate to request review of his [or her] sentence computation and to request additional jail credit." (Mem. Supp. Mot. Summ. J. 6.) These specific procedures are codified at 28 C.F.R §§ 542.10-542.19.

Long submits only his sworn § 2241 Petition (Docket No. 1) and the attached copies of his grievances. In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

### III. SUMMARY OF PERTINENT FACTS

#### A. BOP's Grievance Procedure

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Federal inmates wishing to request additional prior custody credit, such as Long, must first attempt to informally resolve the issue. 28 C.F.R. § 542.13(a). If the inmate is not satisfied with the informal resolution, the inmate must submit a formal written Administrative Remedy Request ("ARR") within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden then

issues the first level response to the ARR.    28 C.F.R.
§ 542.11(a).

> An inmate who is not satisfied with the Warden's
> response may submit an Appeal on the appropriate form
> (BP-10) to the appropriate Regional Director within 20
> calendar days of the date the Warden signed the
> response. An inmate who is not satisfied with the
> Regional Director's response may submit an Appeal on
> the appropriate form (BP-11) to the General Counsel
> within 30 calendar days of the date the Regional
> Director signed the response. . . . Appeal to the
> General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

**B.  Long's ARRs**

On August 14, 2009, the BOP received Long's first properly
filed ARR complaining that the BOP miscalculated his jail credit
("First ARR").  (§ 2241 Pet. 13.)[1]  On August 27, 2009, the
Warden denied the First ARR "because the state had already
awarded the time in question towards his state sentence in
Maryland."  (Cox Aff. ¶ 6.)  Long appealed the First ARR to the
Regional Director.  (Id. at ¶¶ 7-8.)  On October 1, 2009, the
Regional Director, echoing the Warden's reasoning, denied Long's
appeal of the First ARR.  (§ 2241 Pet. 9.)  The Regional
Director advised Long that he could appeal this denial to the

---

[1] Long attached copies of his various ARRs to his § 2241
Petition but failed to separately number these documents.
Accordingly, citations to Long's attachments will reference the
page numbers assigned by the Court's CM/ECF system.

General Counsel.   (Id.)   Long did not pursue an appeal.[2]   (Cox Aff. ¶ 10.)

On March 23, 2011, Long submitted a second ARR ("Second ARR") mirroring his requests stated in the First ARR.   The Warden denied the Second ARR as repetitive on April 1, 2011. (Id. ¶ 9.)   Long failed to appeal the Second ARR.   (Id. ¶ 10.)

### IV.   ANALYSIS

#### A.   Exhaustion

"Exhaustion is an important doctrine in both administrative and habeas law . . . ."   Woodford v. Ngo, 548 U.S. 81, 88 (2006).   Prior to seeking judicial relief, an inmate must properly exhaust his or her administrative remedies.   This requirement extends to inmates filing § 2241 petitions.   McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)).   The Supreme Court explains that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," Woodford, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'"   Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).   An

---

[2] Long states that he failed to pursue an appeal to the General Counsel "[b]ecause I did'nt [sic] think the Office of General Counsel would go against the warden's and Regional Director's decisions."   (§ 2241 Pet. 6.)

inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition renders the unexhausted claims procedurally defaulted. <u>McClung</u>, 90 F. App'x at 445-46. This procedural default may only be excused upon a showing of cause and prejudice. <u>Id.</u> at 445 (citing <u>Carmona</u>, 243 F.3d at 634-35)).

Generally, the exhaustion requirement serves two purposes. First, "[e]xhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.' Second, exhaustion promotes efficiency." <u>Woodford</u>, 548 U.S. at 89 (second alteration in original) (quoting <u>McCarthy v. Madigan</u>, 503 U.S. 140, 145 (1992)).

The applicable prison rules "define the boundaries of proper exhaustion." <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007). Here, because Long failed to seek a review from the General Counsel for the First ARR or from the Regional Director for the Second ARR, he failed to exhaust his administrative remedies. <u>Yannucci v. Stansberry</u>, No. 2:08CV561, 2009 WL 2421546, at *3 (E.D. Va. July 28, 2009); <u>Barnhardt v. Mitchell</u>, No. 0:09-1452-RBH, 2009 WL 2430662, at *3 (D.S.C. Aug. 6, 2009); see <u>Woodford</u>, 548 U.S. at 90.

### B.   Cause And Prejudice

Failure to exhaust administrative remedies can only be excused upon a showing of cause and prejudice. See McClung, 90 F. App'x at 445 (citing Carmona, 243 F.3d at 634). In the case of administrative exhaustion, "[w]hen . . . legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the [cause and prejudice doctrine] excuses this failure to exhaust." Carmona, 243 F.3d at 634. Cause and prejudice requires: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted).

Here, Long admits that he affirmatively chose not to pursue an appeal of the First ARR. (§ 2241 Pet. 6.) Long's belief that such an appeal would be unsuccessful notwithstanding (id.), he fails to demonstrate cause and prejudice. Beharry, 329 F.3d at 62 ("That [Petitioner's] argument would likely have failed is not tantamount to stating that it would have been futile to raise it . . . ."). Accordingly, because Long's claim is unexhausted and he fails to show cause and prejudice,

Respondent's Motion for Summary Judgment (Docket No. 7) will be granted and Long's claim will be denied.

## V. CONCLUSION

Respondent's Motion to Dismiss (Docket No. 6) will be denied. Respondent's Motion for Summary Judgment (Docket No. 7) will be granted. Long's claim will be denied with prejudice, the § 2241 Petition (Docket No. 1) will be denied, and the action will be dismissed.

The Clerk is directed to send a copy of this Memorandum Opinion to Long and counsel of record.

                                    /s/  *R E P*
                              _____
                              Robert E. Payne
Date: *May 29, 2012*          Senior United States District Judge
Richmond, Virginia